# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-2405

_____

United States of America

*Plaintiff - Appellee*

v.

Ray Cornelius Calvert

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Texarkana

_____

Submitted: October 20, 2025
Filed: November 12, 2025
[Unpublished]

_____

Before GRUENDER, STRAS, and KOBES, Circuit Judges.

_____

PER CURIAM.

Ray Calvert was driving a rental car when an Arkansas state trooper stopped him for illegal lane changes. While waiting for dispatch to run criminal history reports, the passenger who rented the car consented to a search. The trooper found

bundles of methamphetamine in the glove box. After the district court[1] denied Calvert's motion to suppress the evidence, he pleaded guilty to possession with intent to distribute a controlled substance, 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii).

Calvert argues that the stop was unconstitutional. He claims he didn't commit a traffic violation, so the trooper lacked reasonable suspicion for the stop. But the district court credited the trooper's testimony that he believed Calvert illegally changed lanes. That finding is not clearly erroneous, and a traffic violation justifies a stop. See United States v. Bonilla, 86 F.4th 1196, 1198 (8th Cir. 2023) (reviewing factual findings for clear error); United States v. Hanel, 993 F.3d 540, 543 (8th Cir. 2021) ("Any traffic violation, however minor, provides probable cause for a traffic stop." (citation omitted)); United States v. Herrera-Gonzalez, 474 F.3d 1105, 1109 (8th Cir. 2007) (even an officer's mistaken belief that a violation occurred can justify a stop as long as the belief was objectively reasonable).

Calvert also claims that the trooper unreasonably prolonged the stop. An officer may detain a motorist while completing "certain routine tasks related to the traffic violation," including checking drivers' licenses and criminal histories. United States v. Cox, 992 F.3d 706, 710 (8th Cir. 2021). Here, twelve minutes into the stop and before dispatch had returned the criminal history check, the passenger consented to a search. The trooper could extend the stop while he conducted the search. United States v. Rivera, 570 F.3d 1009, 1013 (8th Cir. 2009) (when motorist consents to search, "he necessarily consents to an extension of the traffic stop while the search is conducted").

Affirmed.

_____

---

[1]The Honorable Susan O. Hickey, then Chief Judge, United States District Court for the Western District of Arkansas.